IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JUN ZHANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFEVANTAGE CORPORATION, DARREN JAY JENSEN and MARK R. JAGGI,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE<br><br><br>Case No. 2:16-CV-965 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Strike. For the reasons discussed below, the Court will deny the Motion.

Defendants seek to strike eleven paragraphs from Plaintiffs' Amended Complaint. The Federal Rules of Civil Procedure allow courts to "strike from a pleading . . . any redundant, immaterial, impertinent or scandalous matter."[1] The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.[2] "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."[3] "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."[4] Courts generally disfavor striking parts of pleadings, doing so only

---

[1] Fed. R. Civ. P. 12(f).
[2] *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).
[3] 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (2d ed. 1990).
[4] *Id.* at 711.

1

when the material may be prejudicial to a party and lacks any possible relation to the controversy.[5]

Plaintiffs filed their Complaint on September 15, 2016, alleging securities fraud under Sections 10(b) and 20(a) of the Exchange Act. On January 27, 2017, Plaintiffs filed an Amended Complaint, adding factual allegations but no new causes of action. Among these allegations are paragraphs describing the difference between MLMs and pyramid schemes and providing examples of MLM firms that have devolved into pyramid schemes.[6]

Defendants argue that potential overlap between MLM models and pyramid schemes is irrelevant to whether Defendants made misleading statements, and that references to pyramid schemes are intended to prejudice Defendants by suggesting that LifeVantage operated an illicit pyramid scheme. Defendants request that the Court strike these paragraphs as "immaterial, impertinent and scandalous" under Federal Rule of Civil Procedure 12(f).

The Court finds that the paragraphs at issue are relevant to the element of scienter. Plaintiffs allege that Jensen and Jaggi's familiarity with the MLM industry put them on notice that LifeVantage may be suffering from the same types of illicit operations that plague other MLM firms. Plaintiffs allege that this apparent tendency in the industry "makes it essential for any MLM business to stay on the right side of the line and to implement controls capable of providing reasonable assurance that it remains there."[7]

These allegations lay the groundwork for Plaintiffs' argument that Defendants were reckless in failing to implement or re-examine controls that could have detected the improper

---

[5] *See Sawo v. Drury Hotels Co., LLC*, No. 11-CV-2232-JTM-GLR, 2011 WL 3611400, at *2 (D. Kan. Aug. 15, 2011) (unpublished).
[6] Docket No. 38, ¶¶ 31–41.
[7] *Id.* ¶ 31.

sales practices. For these reasons, the paragraphs at issue are relevant to Plaintiffs' claims and will not be stricken under Rule 12(f).

It is therefore ORDERED that Defendant's Motion to Strike Amended Complaint (Docket No. 44) is DENIED.

DATED this 15th day of June, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge